IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Wesley L. Givens, | ) | Case No. 9:24-cv-00762-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Willington, A/W People, Frank Ocean, | ) | |
| Cpt. Spikes, Wallace, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon allegations that Plaintiff's civil rights have been violated. ECF No. 2. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On January 23, 2025, Defendants filed a motion for summary judgment. ECF No. 44. Plaintiff filed no response.[1] On July 10, 2025, the Magistrate Judge issued a Report recommending that the motion be granted in part and denied in part. ECF No. 58. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Defendants filed objections and additional attachments.[2] ECF Nos. 65, 67, 68.

---

[1] Prior to the Report, Plaintiff filed a motion for mediation, which will be addressed below. ECF No. 56.

[2] Since the issuance of the Report, Plaintiff has filed an additional motion for mediation and a letter. ECF Nos. 60, 69. These documents will be addressed below.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

The Court first addresses Plaintiff's motions and letter. ECF Nos. 56, 60, 69. In ECF No. 56, Plaintiff states that he has "fulfilled all necessary steps" and that his case "should move forward." He further requests that Defendants be directed to engage in mediation. *Id.* The Court notes that he put six case numbers in the caption; thus, it is difficult to interpret what relief he is seeking in each case. At this procedural posture, his motion for mediation is denied with leave to refile in the event that his claims survive summary judgment. In ECF No. 60, Plaintiff again lists six case numbers, addresses his concerns to Judge Cherry, and states that he has no access to the law library. He "kindly

2

asks to move forward" with his cases. He also requests mediation. As to this request, as above, it is denied with leave to refile in the event that any of Plaintiff's claims survive summary judgment. Plaintiff has stated neither which deadlines he wants extended nor for how long. Further, his motion is dated July 7, 2025, which was three days before the Report was issued; therefore, the Court declines to construe it as a motion for extension of time to file objections. Accordingly, his motion for extension of time is denied. Finally, in ECF No. 69, Plaintiff lists only this case number. He titles the document as "motion for trial motion to dismiss no attorney." *Id.* He appears to take issue with Defendants' motion for extension of time to file objections. *Id.* The Court notes that while he has listed one case number, Plaintiff filed substantially similar documents in his other cases. Defendants motion for extension of time to file objections was filed on July 22, 2025, ECF No. 61; accordingly, Plaintiff's response, which he dates as September 14, 2025, is untimely. Moreover, the extension requested by Defendants was granted upon a showing of good cause. *See* Fed. R. Civ. P. 6(b). Thus, any request for relief in this document is denied.

The Court next turns to the portions of the Report to which no party has objected. The Magistrate Judge recommends granting Defendants' motion as to Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Defendants in their official capacities; Plaintiff's federal and state law claims against Wallace; Plaintiff's negligence claims against Peeples,[3] Spikes, and Ocean; Plaintiff's claims for sexual assault against Peeples,

---

[3] The Magistrate Judge notes that the proper spelling of this Defendant's name is Peeples. ECF No. 58 at 1 n.1.

3

Spikes, and Ocean; and Plaintiff's state law claims for assault or battery against Whittington.[4]  No party has objected to these findings.  Accordingly, upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge.  Thus, the remaining claims are for excessive force and assault and battery against Peeples, Spikes, and Ocean and for bystander liability against Whittington.[5]

The Court now turns to the remainder of the motion, which it has considered de novo.  The Court notes the unusual procedural posture of this case: Plaintiff did not file a response to the motion for summary judgment, the attorney now representing Defendants was not the attorney who drafted the motion for summary judgment, and Defendants are now presenting new evidence in support of their objections.  In light of the seriousness of the allegations and the peculiar history of this case, the Court is of the opinion that allowing a full and complete motion for summary judgment to be fully briefed and analyzed in the first instance by the Magistrate Judge is the most appropriate action in this case. Accordingly, as to the remaining claims against Defendants Peeples, Spikes, Ocean, and Whittington, Defendants are directed to file a supplemental motion for summary judgment, including all supporting documents available to them.  The Court will not look kindly on any further attempts to present new evidence in objections without a full explanation as

---

[4] The Magistrate Judge notes that the proper spalling of this Defendant's name is Whittington.  ECF No. 58 at 1 n.1.

[5] The Court is of the firm opinion that Plaintiff's filings after the issuance of the Report should not be considered objections.  However, the Court would have reached the same conclusions with respect to these claims even if its review had been de novo.

4

to why this information was not previously available to them. *See Rousselle v. Gov't of Honduras*, No. 2:25-CV-00539-RMG, 2025 WL 892551, at *2 (D.S.C. Mar. 24, 2025) ("[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." (quoting *Caldwell v. Jackson*, 831 F.Supp.2d 911, 914 (M.D.N.C. 2010) (alteration in original))). **The Court also takes this opportunity to warn Plaintiff that failure to file a timely response in opposition to Defendants' dispositive motion may result in dismissal of this action for failure to prosecute or comply with an order of the Court pursuant to Federal Rule of Civil Procedure 41(b).** Defendants are directed to file such supplemental dispositive motion within 21 days.

## CONCLUSION

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees in part and respectfully declines to agree in part with the recommendation of the Magistrate Judge. Defendants' motion [44] is **GRANTED in part and FOUND as MOOT in part** with leave to refile within 21 days.[6] This matter is recommitted to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 26, 2025
Spartanburg, South Carolina

---

[6] Plaintiff's motions [56, 60] are **DENIED** without prejudice.

5